# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

JUSTIN EDWARD WITTE,            )
                                )
    Plaintiff,                  )
                                )
    v.                          )    No. 4:11CV02036 ERW
                                )
KEVIN CULTON, et al.,           )
                                )
    Defendants.                 )

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Justin Edward Witte (registration no. 1016917) for leave to commence this action without payment of the required filing fee [Doc. #2]. In addition, plaintiff has filed a motion for leave to amend the complaint [Doc. #10], along with various documents [Docs. #11 and #14]. The Court will deny the motion to amend, because it is unnecessary at this time, and will liberally construe plaintiff's additional filings as supplements to the original complaint [Doc. #1].[1]

---

[1] Because a responsive pleading has not been filed in this case, plaintiff is not required to obtain leave of court prior to filing an amended complaint for the first time. See Fed.R.Civ.P. 15. As such, the Court will deny his motion to amend [Doc. #10] as moot.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $39.33, and an average monthly balance of $448.02. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $89.60, which is 20 percent of plaintiff's average monthly balance.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere

conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 51-52.

**The Complaint and Supplements**

Plaintiff, an inmate at the Crossroads Correctional Center, seeks relief in this action for the violation of his constitutional rights under 42 U.S.C. § 1983. Plaintiff's allegations arise out his incarceration at the Potosi Correctional Center. Named as defendants are Kevin Culton (Correctional Officer), Willy Forbes (Sergeant), William D. McKinney (Doctor), Karla House (Institutional Health Care Coordinator), Lisa Spain (Director of Nursing), Kevin Weber (Correctional Officer), Unknown Conrad (Correctional Officer), Unknown Clubb (Sergeant), and Unknown Lee (Correctional Officer). Plaintiff claims that defendants violated his constitutional rights through

"harassment, threats, assault, refusal of medical treatment, and failure to provide adequate sanitary living conditions," as more fully set forth below. Plaintiff is suing defendants in their individual capacity.

## Discussion

### A. Eighth Amendment Claims against Defendants Kevin Culton, Karla House, Unknown Conrad, Kevin Weber, Dr. William McKinney, and Unknown Lee

Plaintiff alleges that (1) on August 25, 2009, he sustained serious head, back, leg, and toe injuries after defendant Kevin Culton assaulted him several times, without provocation; (2) immediately after the assault, defendant Karla House refused to afford him medical treatment, despite the fact that plaintiff "could not sit up straight, stand up straight or walk properly without a limp and [he was] in great pain"; (3) defendants Unknown Conrad and Kevin Weber also refused to afford him medical treatment, simply because plaintiff was unable to stand or walk to his cell door for "sick call"; (4) after plaintiff had undergone back surgery, and being well aware of his condition, Dr. McKinney acted with deliberate indifference when he refused plaintiff's multiple requests for a "lower walk lay-in," resulting in plaintiff sustaining additional back injuries and extreme pain; and (5) plaintiff sustained further injury to his back after defendant Unknown Lee, who knew plaintiff had a lay-in for not lifting over ten pounds, "[made] plaintiff carry 30 lbs. of property up the stairs handcuffed behind [his]

back." The Court finds that plaintiff's aforementioned Eighth Amendment claims against defendants Kevin Culton, Karla House, Unknown Conrad, Kevin Weber, Dr. McKinney, and Unknown Lee survive frivolity review and will not be dismissed at this time. The Court will order said defendants to respond to these claims.

### B. Claims against Defendant Willy Forbes

Plaintiff alleges that after Kevin Culton assaulted him, he spoke to defendant Willy Forbes and told him what had happened, but Forbes "laughed in unbelief," and "refused to follow policy and take pictures of [plaintiff's] head and back to show the damage that had occurred." The complaint will be dismissed against Willy Forbes, because plaintiff's allegations do not rise to the level of a constitutional violation and are legally frivolous. Moreover, Forbes' alleged failure to follow prison regulations by taking photographs of plaintiff's injuries does not amount to a § 1983 claim. *See Bagley v. Rogerson*, 5 F.3d 325 (8th Cir. 1993) (allegation of state law violation, statutory or decisional, does not, in itself, state claim under federal Constitution or § 1983).

### C. Additional Claims against Defendant William McKinney

Plaintiff alleges that he was first taken to see Dr. William McKinney on December 14, 2009. Dr. McKinney "saw [plaintiff] and said, 'I can't do anything for you, you'll be O.K., I have arthritis too, you'll just have to live with it.'" Dr.

McKinney prescribed "Meloxicam" for swelling. Plaintiff saw Dr. McKinney again on February 14, 2010, and "he did nothing more." On June 14, 2010, plaintiff saw Dr. McKinney, but he "refused [plaintiff] treatment, saying 'I can't do anything for you.'" One month later, on or about July 20, 2010, plaintiff was taken to see Dr. McKinney because his right leg was completely numb. Dr. McKinney ordered an M.R.I., which showed a "massive herniated disc or crushed cartilage in [plaintiff's] lower back."

On August 9, 2010, plaintiff saw Dr. John Spears, who is not a defendant in this action. Dr. Spears told plaintiff he would probably have permanent nerve damage, and he recommended immediate surgery. Dr. Spears performed surgery on August 25, 2010. He told plaintiff he would be able to stand and walk again, but his back would never be the same, and he would have to be careful. Plaintiff states that he cannot lift anything over ten pounds, his right leg and three toes are "dead numb," he lives in continuous pain and fear, and he sometimes pinches a nerve that makes mobility difficult for weeks.

To state a claim of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). Plaintiff's allegations relative to Dr. McKinney's treatment, or alleged lack of treatment, do not rise to the level of

deliberate indifference in providing medical care to plaintiff. Because plaintiff's allegations fail to state a § 1983 claim, they will be dismissed as legally frivolous.

### D. Claims against Defendant Unknown Clubb

Plaintiff alleges that, at some time after the August 25, 2009 assault, Unknown Clubb told him had seen Kevin Culton hit him. Plaintiff summarily states that Clubb "withheld the truth from his superiors." Plaintiff's vague and conclusory allegations as to defendant Unknown Clubb lack factual support and do not state a claim under § 1983, and therefore, the Court will dismiss them as legally frivolous.

### E. Conditions-of-Confinement Claims

Plaintiff alleges that upon his arrival at PCC, he noticed that his cell was "extremely filthy," in violation of prison policy. He says that he stayed in this cell for one day. Plaintiff alleges "there was dirt, hair and food all over the mattress, bed and floor," and that defendant Conrad "refused to follow policy and accommodate [plaintiff's] right to a sanitary living environment" by providing him soap and a rag. Plaintiff also complains that he had no ink pen or toilet paper.

Plaintiff's conditions-of-confinement claims will be dismissed as legally frivolous, because they do not rise to the level of constitutional violations, and they fail to state a claim or cause of action under § 1983. Moreover, defendant Conrad's alleged failure to follow prison regulations does not amount to a § 1983 claim. *See*

*Bagley v. Rogerson*, 5 F.3d 325 (8th Cir. 1993) (allegation of state law violation, statutory or decisional, does not, in itself, state claim under federal Constitution or § 1983).

### F. Denial-of-Skin-Ointment Claim

Plaintiff alleges that, at some unspecified time when he was confined to "ad seg," defendants Karla House, Lisa Spain, and Dr. McKinney refused his requests for ointment for his dry skin, leaving plaintiff "no choice but to keep [his] skin covered in butter from breakfast." The Court will dismiss plaintiff's denial-of-ointment allegations, because they fail to state a § 1983 claim.

### G. Medical Records Claim

Plaintiff alleges that defendant Lisa Spain refused to give him copies of his own personal medical records, unless he paid $.35/per page and a $15 service charge. Plaintiff's denial-of-medical-records claim will be dismissed as legally frivolous, because it does not rise to the level of a constitutional violation.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $89.60 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that, as set forth in Section A of this Memorandum and Order, *supra*, the Clerk shall issue process or cause process to issue on the complaint as to plaintiff's Eighth Amendment claims against defendants Kevin Culton, Karla House, Unknown Conrad, Kevin Weber, Dr. William McKinney, and Unknown Lee. Said defendants shall file an answer or other responsive pleading directed to these specific Eighth Amendment claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to amend the complaint [Doc. #10] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that plaintiff's amended motion requesting service of process [Doc. #13] is **DENIED** as moot.[2]

---

[2]Because plaintiff has been granted in forma pauperis status, the officers of the Court will issue and serve all process and perform all such duties in this case. See 28 U.S.C. § 1915(d). Thus, plaintiff's motion is not necessary.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B (standard prisoner actions).

An order directing the dismissal of specific claims and defendants will be filed separately.

So Ordered this 23rd day of February, 2012.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE