UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JUSTIN EDWARD WITTE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:11CV02036 ERW |
| | ) |
| KEVIN CULTON, et al., | ) |
| | ) |
| Defendants. | ) |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court upon review of plaintiff's second amended complaint [ECF No. 52].

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a pleading filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In reviewing a pro se pleading under § 1915(e)(2)(B), the Court must give the pleading the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the

most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 51-52.

## The Second Amended Complaint

Plaintiff, an inmate at the Crossroads Correctional Center, seeks monetary relief in this action for the violation of his constitutional rights under 42 U.S.C. § 1983.[1] Plaintiff's allegations arise out his incarceration at the Potosi Correctional Center. Named as defendants in the amended complaint are Kevin Culton (Correctional Officer), Willy Forbes (Sergeant), William D. McKinney (Doctor), Tammy Bordeau (Health Care Coordinator), Kevin Weber (Correctional Officer), Charles Conrad (Correctional Officer), Unknown Clubb (Correctional Officer), Lisa Spain (Director of Nursing), and Jason Lee (Correctional Officer). Plaintiff claims that defendants violated his constitutional rights, as more fully set forth below, and he is suing them in their individual and official capacities.

---

[1]On page 13 of the amended complaint [ECF No. 52, page 14 of 15], plaintiff summarily states that defendants violated "State law 217.374." The Court is unable to find such a Missouri statute. Furthermore, even affording the allegations a liberal construction, the Court is unable to ascertain what plaintiff is attempting to allege by referencing "State law 217.374."

## Discussion

### A. Eighth Amendment Claims against Defendants Kevin Culton, Tammy Bordeau, Charles Conrad, and Kevin Weber

Plaintiff alleges that (1) on August 26, 2009, he sustained serious physical injuries after defendant Kevin Culton assaulted him several times, without provocation; (2) immediately after the assault, defendant Tammy Bordeau refused to afford plaintiff medical treatment, despite the fact that "[i]t was visible that [plaintiff] was in pain and could not sit up straight [or] walk properly without being in great pain"; and (3) defendants Charles Conrad and Kevin Weber also refused to afford plaintiff medical treatment, simply because plaintiff was unable to stand or walk to his cell door for "sick call." The Court finds that plaintiff's Eighth Amendment claims against defendants Kevin Culton, Tammy Bordeau, Charles Conrad, and Kevin Weber in their individual capacities survive frivolity review and will not be dismissed at this time. The Court will order said defendants to respond to these claims in their individual capacities.

Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under

§ 1983." *Id.* As a result, the complaint is legally frivolous and fails to state a claim upon which relief can be granted as to defendants Kevin Culton, Tammy Bordeau, Charles Conrad, and Kevin Weber in their official capacities, and the Court will order that all said claims be dismissed without prejudice.

### B. Claims against Defendant Willy Forbes

Plaintiff alleges that, after Kevin Culton assaulted him, he spoke to defendant Willy Forbes and told him what had happened, but Forbes "laughed calling [plaintiff] a liar," and neglected to follow D.O.C. policy by making a report or taking pictures of plaintiff's injuries.

The complaint will be dismissed against Willy Forbes, because plaintiff's allegations do not rise to the level of a constitutional violation and are legally frivolous. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986)(mere negligence does not rise to the level of a constitutional violation); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (mere negligence is not cognizable as Eighth Amendment violation); *Morton v. Becker*, 793 F.2d 185, 188 n.3 (8th Cir. 1986)(Fourteenth Amendment Due Process Clause is not implicated by state official's negligent act causing unintended loss of or injury to life, liberty, or property). Moreover, Forbes' alleged failure to follow prison regulations by taking photographs of plaintiff's injuries does not amount to a § 1983 claim. *See Bagley v. Rogerson*, 5 F.3d 325 (8th Cir. 1993) (allegation of state law

violation, statutory or decisional, does not, in itself, state claim under federal Constitution or § 1983).

### C. Claims against Defendant William McKinney

Plaintiff alleges that he was first taken to see Dr. William McKinney on December 14, 2009. Dr. McKinney "saw [plaintiff] and said, 'I can't do anything for you, you'll be okay." Plaintiff states that Dr. McKinney "nullified [his] aches and pains to arthritis" and prescribed him "Meloxicam." Plaintiff saw Dr. McKinney again on February 14 and June 14, 2010, and "nothing was done." One month later, on or about July 20, 2010, plaintiff was taken to see Dr. McKinney because his right leg was completely numb. Dr. McKinney ordered an M.R.I., which showed a "massive herniated disc or crushed cartilage in [plaintiff's] lower back."

On August 9, 2010, plaintiff saw Dr. John Spears, who is not a defendant in this action. Dr. Spears told plaintiff he would probably have permanent nerve damage, and he recommended immediate surgery. Dr. Spears performed surgery on August 25, 2010. He told plaintiff he would be able to stand and walk again, but his back would never be the same, and he would have to be careful. Plaintiff states that he cannot lift anything over ten pounds, and he can pinch a nerve in his back by turning, sitting, or rolling over in bed.

To state a claim for unconstitutional medical mistreatment, a plaintiff must plead facts sufficient to indicate deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Camberos v. Branstad*, 73 F.3d 174, 175 (8th Cir. 1995). To show deliberate indifference, a plaintiff must allege that he suffered objectively serious medical needs and that the defendants actually knew of but disregarded those needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). Medical malpractice alone is not actionable under the Eighth Amendment. *Smith v. Clarke*, 458 F.3d 720, 724 (8th Cir. 2006). To state a claim of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). Plaintiff's allegations relative to Dr. McKinney's treatment, or alleged lack of treatment, do not rise to the level of deliberate indifference. Because plaintiff's allegations fail to state a § 1983 claim against Dr. McKinney, they will be dismissed as legally frivolous.

**D. Claims against Defendants Unknown Clubb and Jason Lee**

With regard to defendants Unknown Clubb and Jason Lee, plaintiff states: "due to the unnecessary abuse they inflicted upon the plaintiff was measure[d] towards harassment due to the filing of the I.R.R.'s filed against C.O. Culton about injuring

plaintiff. These were acts that were measure[d] in concert to inflict more pain and suffering towards the plaintiff." Plaintiff's vague and conclusory allegations as to defendants Clubb and Lee lack factual support and do not state a claim under § 1983, and therefore, the Court will dismiss them as legally frivolous.

### E. Claims against Defendant Lisa Spain

Plaintiff has failed to set forth in the second amended complaint any allegations against Lisa Spain. The only mention of Spain is in plaintiff's request for monetary damages, where he states that Spain should be accountable for $10,000 "for actual pain and suffering whereas it was obvious that the pain was real and [plaintiff] was in need to be seen by a doctor. [Her] neglect to get [plaintiff] seen and for telling one and all [he] was faking the pain." Because plaintiff has failed to assert any allegations against Lisa Spain, the second amended complaint is legally frivolous and will be dismissed as to this defendant. *See Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995)(respondeat superior theory inapplicable in § 1983 suits).

### E. Conditions-of-Confinement Claim

Plaintiff alleges that upon his arrival at PCC, he noticed that his cell was "filthy," in violation of prison policy. He says that he stayed in this cell for one day. Plaintiff alleges that the food port was unsanitary, the sink "gave off a high pitched whine every time [he] turned it on," and "there was dirt, hair and food all over the mattress [and] floor." Plaintiff claims that defendant Conrad "denied [him] cleaning supplies [and] writing supplies."

Plaintiff's conditions-of-confinement claim will be dismissed as legally frivolous, because it does not rise to the level of a constitutional violation, and it fails to state a claim or cause of action under § 1983. Moreover, defendant Conrad's alleged failure to follow prison regulations does not amount to a § 1983 claim. *See Bagley v. Rogerson*, 5 F.3d 325 (8th Cir. 1993) (allegation of state law violation, statutory or decisional, does not, in itself, state claim under federal Constitution or § 1983).

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall issue process or cause process to issue on the second amended complaint as to Tammy L. Bordeau in her individual capacity only.

**IT IS FURTHER ORDERED** that, in their individual capacities only, defendants Kevin Culton, Tammy Bordeau, Charles Conrad, and Kevin Weber, shall file an answer or other responsive pleading directed to plaintiff's second amended complaint's Eighth Amendment claims.

**IT IS FURTHER ORDERED** that the Clerk of Court shall docket this case as *Justin Edward Witte v. Kevin Culton, Willy Forbes, William D. McKinney, Tammy Bordeau, Kevin Weber, Charles Conrad, Unknown Clubb, Lisa Spain, and Jason Lee*.

**IT IS FURTHER ORDERED** that pending Motion for Summary Judgment [ECF No. 42] relating to the First Amended Complaint is **DENIED**, as moot. Motion for Extension of Time [ECF No. 55] is **DENIED**, as moot.

An order directing the dismissal of specific claims and defendants will be filed separately.

So Ordered this 13th day of July, 2012.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE