UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JUSTIN EDWARD WITTE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:11CV02036 ERW |
| | ) |
| KEVIN CULTON, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants Charles Conrad and Kevin Weber's Motion for Summary Judgment [ECF No. 64].

### I. BACKGROUND

The Court finds the following facts are not in dispute, or have not been specifically controverted pursuant to E.D. Mo. L.R. 7-4.01 (E).[1] Plaintiff Justin Edward Witte is an inmate in the Missouri Department of Corrections at the Crossroads Correctional Center. Plaintiff's allegations arise from his incarceration at the Potosi Correctional Center. Named as defendants

---

[1] Plaintiff did not file a Statement of Uncontroverted Material Facts in contravention of Local Rule 4.01(E). Defendants argue in their Reply in Support of their Motion for Summary Judgment [ECF No. 70] that Plaintiff's failure to comply with Local Rule 4.01(E) should result in admission of all the uncontroverted facts. However, pro se pleadings are held to a less stringent standard than those pleadings filed by counsel. See *Walker v. Reed*, 104 F.3d 156, 157 (8th Cir. 1997). The Court broadly construes and affords a liberal construction to pro se pleadings. *Johnson v. Arden*, 614 F.3d 785, 798 (8th Cir. 2010). Construing the assertions in the Plaintiff's Affidavit attached to Plaintiff's Response to Defendants' Motion for Summary Judgment (ECF No. 67 at 3-7), Plaintiff disputes that he did not properly exhaust his claims against defendants Weber and Conrad by failing to file timely IRR's, grievances and grievance appeals. (See Defendants' Statement of Uncontroverted Material Facts ECF No. 65-1 at 2).

in the action are correctional officers, Kevin Weber and Charles Conrad ("Defendants").[2]  In his Second Amended Complaint, filed pursuant to 42 U.S.C. § 1983, Plaintiff alleges Defendants Weber and Conrad were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment to the United States Constitution.

Plaintiff alleges that on August 26, 2009, he sustained serious physical injuries to his back after Defendant Kevin Culton assaulted him several times.[3]  Although he saw a physician for the injury several times, by the following July, the Plaintiff states that the pain in his back was so bad that he could not stand, walk, or sit upright.  On July 12, 2010, in response to a Medical Service Request (MSR), Defendant Conrad came to Plaintiff's cell with a nurse.  Plaintiff claims that Defendant Conrad asked him to come out to sick call, and when Plaintiff responded that he couldn't stand or walk, Conrad refused to provide medical care and pushed the nurse away.  On July 13, 2010, also in response to a MSR, Defendant Weber brought a nurse to the cell, but Plaintiff alleges that Weber similarly pushed the nurse away when the Plaintiff was unable to get up.[4]  Defendants Conrad and Weber acknowledge the sick visit, but not the refusal of care [ECF No. 63 at 11-12].  Plaintiff then alleges that he filed an informal resolution request (IRR) on August 3, 2010, regarding these two sick-call incidents but received no response from the case

---

[2]Also named as defendants in their individual capacity in this litigation, but not in the instant Motion, are Kevin Culton and Tammy Bordeau.  The claims against defendants Willy Forbes, William D. McKinley, Unknown Club, Jason Lee and Lisa Spain were dismissed in the July 13, 2012, Order of Partial Dismissal [ECF No. 57].

[3]Both Plaintiff and Defendant Culton agree that the prison administrative remedies were exhausted with regards to this incident [ECF No. 65 at 6, and ECF No. 52 at 2].  The claim against Culton is not at issue in this motion.

[4]In his Second Amended Complaint, Plaintiff recognizes Defendant Weber's sick call as occurring on July 13, 2010 [ECF No. 52 at 8] and in his Affidavit attached to his Response to Defendants' Motion for Summary Judgment [ECF No. 67 at 3], he refers to this visit as occurring on a different date, July 16, 2010.

worker responsible for grievances. On August 9, 2010, Plaintiff states that he received a diagnostic MRI, which necessitated surgical repair of his damaged cartilage on August 25, 2010.

On November 21, 2011, Plaintiff filed this lawsuit. Defendants Conrad and Weber filed the instant Motion on July 23, 2012, requesting the Court grant summary judgment because the Plaintiff failed to exhaust administrative remedies.

> A.   *Plaintiff's Grievance Filings*
>
> > 1.   **PCC-11-050[5]**
> > On January 18, 2011, Plaintiff maintains in his Affidavit [ECF No. 67 at 4] that he filed an informal resolution request, IRR No. PCC-11-050, alleging that he was refused medical attention by Defendant Weber on July 16, 2010.[6] It is unclear whether Plaintiff alleges a response to this IRR, but he claims that he filed a subsequent grievance which received no response. Although maintaining exhaustion of his claims, he does not allege an appeal of the grievance.
> >
> > 2.   **PCC-11-051**
> > On January 24, 2011, Plaintiff alleges in his Affidavit [ECF No. 67 at 4] that he filed an informal resolution request, IRR No. PCC-11-051, alleging that he was refused medical attention by Defendant Conrad on July 12, 2010. Plaintiff alleges a response to this IRR, but he claims that he filed a subsequent grievance which received no response. Although maintaining exhaustion of his claims, he does not allege an appeal of the grievance.

## II.   LEGAL STANDARD

The Prison Litigation Reform Act ("PLRA") requires that prisoners seeking relief in federal court must first exhaust the administrative remedies available at the prison level. 42 U.S.C. § 1997e(a). If exhaustion of administrative remedies is not completed at the time the

---

[5]PCC-11-050 represents the complaint log number recorded by prison staff. The log number is comprised of the institutional call letters, the year and sequential number of the complaint. [ECF No. 65-3 at 8].

[6]The date of filing the IRR (January 18, 2011) cited by the Plaintiff differs from the date noted in the Affidavit of Grievance Officer, Robert Savage for PCC-11-050 of January 24, 2011 [ECF No. 70-1 at 2]. Also *see* Footnote 4, *supra*, regarding the discrepancy in the sick-call date of July 16, 2010.

lawsuit is filed, dismissal of the action is mandatory under the PLRA. *Johnson v. Jones,* 340 F.3d 624, 627–28 (8th Cir. 2003). The PLRA's administrative exhaustion requirement is an affirmative defense that the defendant has the burden to plead and prove. *Nerness v. Johnson,* 401 F.3d 874, 876 (8th Cir. 2005). Where a motion for summary judgment is founded on an affirmative defense, the moving party has the burden to present facts that establish that defense. *See Ballard v. Rubin,* 284 F.3d 957, 964 n. 6 (8th Cir. 2002). The standards governing a motion for summary judgment are well settled. Rule 56 of the Federal Rules of Civil Procedure permits a district court to grant summary judgment with respect to an affirmative defense if the defendant shows that there is no genuine dispute as to any material fact and the defendant is entitled to judgment as a matter of law. A district court has discretion to determine when an issue is ripe for summary judgment. *Burton v. Hoskins,* 2011 WL 1885347, *2 (E.D.Mo. May 18, 2011)(citing *Pony Computer, Inc. v. Equus Computer Systems of Missouri, Inc.,* 162 F.3d 991, 996 (8th Cir. 1998)). "Discovery does not need to be complete before a case is dismissed on summary judgment." *Id.* (citing *Dulany v. Carnahan,* 132 F.3d 1234, 1238 (8th Cir. 1997)).

## III.   DISCUSSION

Defendants argue that the Court must grant them summary judgment because Plaintiff failed to exhaust his administrative remedies. Plaintiff maintains that he did satisfactorily exhaust his administrative remedies as the actions of the prison staff prevented him from complying with procedural requirements.

Under the PLRA, a prisoner may not bring a § 1983 action unless he has exhausted all available administrative remedies. 42 U.S.C. § 1997e(a). Exhaustion under the PLRA is defined by the prison's grievance procedures. *Jones v. Bock,* 127 S.Ct. 910, 922–23 (2007). Exhaustion under the PLRA means proper exhausion, which is compliance with an agency's deadlines and

other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90, 126 S.Ct. 2378, 165 L.Ed. 2d 368 (2006). For a Missouri prisoner to exhaust all administrative remedies, he must file: (i) an informal resolution request ("IRR"); (ii) a grievance; and (iii) a grievance appeal. (Missouri Department of Corrections Offender Grievance Procedure) ("Offender Grievance Procedure") D5–3.2, No. III(M)(11) (Jan. 2, 2009, ECF No. 65-3). *See Foulk v. Charrier,* 262 F.3d 687, 694 (8th Cir. 2001); *Dashley v. Correctional Medical Services,* 345 F.Supp.2d 1018, 1022–23 (E.D.Mo. 2004). The IRR is "[t]he first attempt to resolve an offender's complaint through discussion between the offender and the appropriate staff with documentation of this attempt," and should be filed with 15 calendar days of the alleged incident. (Offender Grievance Procedure, pp. 2, 8). Each IRR is "limited to one grievable issue and should not be expanded to include other issues at any stage of the review process." (*Id.* at 5.) In the IRR, the inmate should provide "whatever material/information is available to her/him." (*Id.* at 8.) If an inmate is not satisfied with the IRR response, he may file an Offender Grievance, which must be filed within seven calendar days after receiving the response on the IRR form. (*Id.* at 13.) If an inmate is not satisfied with the grievance response, he may file an offender grievance appeal, which must be filed within seven calendar days of the grievance response. (*Id.* at 15.) Failure to do so will result in the appeal being abandoned. (*Id.* at 15.) After receiving the appeal response, the offender has exhausted the grievance process. (*Id.* at 16.)

In support of their motion, Defendants argue that Plaintiff failed to properly exhaust his claims because he did not file timely IRR's for the alleged denials of his medical appointments. In the Affidavit of Robert Savage ("Savage Affidavit"), a custodian of the computerized files in the Offender Grievance System notes PCC-11-050 (relating to Defendant Weber's July 2010 denial of medical care) as being filed in an untimely manner. Although required to be filed in

5

fifteen days, PCC-11-050 was noted as filed six months late on January 24, 2011. Similarly, PCC-11-051 (relating to the July 12, 2010, denial of medical care by Defendant Conrad) was also stated as filed six months late on January 24, 2011 instead of within the fifteen day window mandated by the Offender Grievance Procedure. Furthermore, Defendants maintain that neither IRR was exhausted prior to the filing of the lawsuit. The Savage Affidavit states that PCC-11-050 did not have a corresponding grievance or grievance appeal and was therefore deemed abandoned and not exhausted. According to the Savage Affidavit, PCC-11-051 had a subsequent grievance attempt noted in the computer files that was not properly filed, but no grievance appeal was on the record. Defendants also discuss another IRR (PCC-11-570), which was filed on July 12, 2011, and related to the same denial-of-medical care incidents by the Defendants. This IRR was briefly noted by the Plaintiff as supporting administrative exhaustion without any further detail [ECF No. 67 at 6]. Defendants offer in the Savage Affidavit that this IRR is both duplicative and untimely (filed a year after the alleged denial of medical care in July, 2010) in contravention of the Offender Grievance Procedure. The Court finds that Plaintiff's general statement about PCC-11-570 fails to raise a genuine issue of material fact regarding this IRR. Defendants maintain that as both complaints (PCC-11-050 and PCC-11-051) had not been appealed, and exhaustion does not occur unless a response to a grievance appeal is received prior to the commencement of the lawsuit (here, the lawsuit was filed on November 21, 2011), the claims were not exhausted under the PLRA.

The Plaintiff responds that he did not fail to exhaust his administrative remedies as he was prevented from doing so by the prison officers' actions. Plaintiff alleges that the prison staff lost his grievance paperwork, failed to respond to IRR's and grievances, and that changes in caseworker staffing affected his ability to file according to the Offender Grievance Procedure.

The Eighth Circuit has held that § 1997e(a) of the PLRA "does not require exhaustion of all remedies; it requires the exhaustion of such administrative remedies as are available." *Miller v. Norris,* 247 F.3d 736, 740 (8th Cir. 2001)(internal quotation omitted). The Eighth Circuit has stated, "We believe that a remedy that prison officials prevent a prisoner from utilizing is not an available remedy under § 1997e(a)." *Id.* (internal quotations omitted).[7] Also, compliance has been excused when prison officials themselves have failed to comply with the grievance procedures. *Gibson v. Weber,* 431 F.3d 339, 341 (8th Cir. 2005). In *Foulk v. Charrier,* the Court found that the plaintiff had exhausted his available administrative remedies because, once MDOC failed to respond to his IRR, no further administrative proceedings were "available" to him. *Foulk,* 262 F.3d at 698.

In Plaintiff's Affidavit [ECF No. 67], he alleges that he filed an IRR on August 3, 2010 relating to the denial of medical care by Defendants Conrad and Weber on July 12, 2010, and July 16, 2010.[8] He further claims that he did not receive a response to this complaint and suggests that it could be due to his caseworker changing job positions. Plaintiff maintains that this IRR was "filed in a timely fashion and within 15 working days according to DOC Grievance policy" [ECF No. 67 at 2]. Plaintiff additionally alleges that he filed grievances in connection with PCC-11-050 and PCC-11-051, but also did not receive a response to these grievances. The Defendants argue in their Reply in Support of their Motion for Summary Judgment that the

---

[7]In *Miller,* 247 F.3d at 738, an inmate's Complaint was dismissed because he had failed to exhaust his remedies, and thereafter, the inmate requested grievance forms, but did not receive a response. The Court concluded "that a remedy that prison officials prevent a prisoner from 'utiliz[ing]' is not an 'available' remedy under [the PLRA], and that [the plaintiff's] allegations raise an inference that he was prevented from utilizing the prison's administrative remedies." *Id* at 740.

[8]*See* footnote 4, *supra*.

Plaintiff's self-serving affidavit alone is insufficient to create a genuine issue of material fact. *But see Conner v. Doe*, 2008 W 2967132, *1 (8th Cir. Aug. 5, 2008) (unpublished opinion) (reversing the dismissal of a prisoner's §1983 claim because the prisoner's verified complaint and the defendants' affidavit created a genuine issue of material fact as to whether jailers interfered with the prisoner's ability to exhaust his administrative remedies).

Even if the Plaintiff's allegations constitute a genuine issue of fact surrounding the prison's response to his grievances, the Court finds that the Plaintiff is unable to establish a genuine issue of material fact regarding Plaintiff's compliance with the fifteen-day filing requirement for informal resolution requests. As noted earlier, an offender must file an IRR within fifteen calendar days from the alleged incident. Here, the incidents with Defendants Conrad and Weber occurred on July 12, 2010 and July 16, 2010.[9] PCC-11-050 and PCC-11-051 were filed in January of 2011, well beyond the fifteen day deadline. Although Plaintiff claims the alleged August 3, 2010 IRR was timely filed within fifteen working days, the Offender Grievance Procedure requires a filing within fifteen **calendar** days. Thus, neither incident would have been timely filed past July 31, 2010. This Court finds the existence of no genuine issue of material fact surrounding Plaintiff's failure to file an IRR within fifteen days of the alleged denial of medical care by Defendants. As a result, Plaintiff failed to properly exhaust his administrative remedies for claims he alleges against Defendants Conrad and Weber.

---

[9]*See* footnote 4, *supra*.

**IV. CONCLUSION**

Summary judgment will be granted to the Defendants Conrad and Weber.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Charles Conrad and Kevin Weber's Motion for Summary Judgment [ECF No. 64] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's claims against defendants Charles Conrad and Kevin Weber are **DISMISSED** without prejudice pursuant to 42 U.S.C. § 1997e(a).

**SO ORDERED** this 17TH day of September, 2012.

_E. Richard Webber_
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE