UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JUSTIN EDWARD WITTE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:11CV02036 ERW |
| ) | |
| KEVIN CULTON, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff Justin Edward Witte's Motion for Leave to File Interlocutory Appeal [ECF No. 85]. Plaintiff seeks leave to appeal this Court's grant of summary judgment and dismissal of claims against Defendants Charles Conrad and Kevin Weber [ECF No. 81].

**I.    BACKGROUND**

Plaintiff is an inmate in the Missouri Department of Corrections at the Crossroads Correctional Center. On November 21, 2011, Plaintiff filed a complaint [ECF No. 1] alleging several claims against multiple defendants, arising out of Plaintiff's incarceration at the Potosi Correctional Center.[1] Plaintiff subsequently filed a Second Amended Complaint on July 5, 2012.[2] On July 13, 2012, this Court issued an Order of Partial Dismissal of Parties and Claims

---

[1] In his Complaint, Plaintiff named Defendants Unknown Clubb; Unknown Conrad; Kevin Culton; Willy Forbes; Karla House; Unknown Lee; Willliam D. McKinney; Lisa Spain; and Kevin Weber.

[2] In his Second Amended Complaint [ECF No.52], Plaintiff named Defendants Unknown Club; Charles Conrad; Kevin Culton; Willy Forbes; Jason Lee; William D. McKinney; Lisa Spain; Kevin Weber; and Tammy Bordeau. Plaintiff did not list Karla House as a defendant in his Second Amended Complaint and the Court terminated her as a party defendant [ECF No. 57].

[ECF No. 57]. Conditions-of-confinement claims and claims against Defendants in their official capacity were dismissed. Several of the multiple Defendants were also dismissed.[3] On July 23, 2012, Defendants Charles Conrad and Kevin Weber filed a Motion for Summary Judgment [ECF No. 64]. The Court granted their Motion for Summary Judgment on September 17, 2012, and dismissed Defendants Conrad and Weber [ECF No. 81]. Plaintiff then filed the instant Motion for Leave to File Interlocutory Appeal of the grant of summary judgment and dismissal of Defendants Conrad and Weber.

## II.   DISCUSSION

Under 28 U.S.C. § 1291, the courts of appeals (other than the United States Court of Appeals for the Federal Circuit) shall have jurisdiction of appeals from all final decisions of the district courts of the United States. A district court's decision is final if it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment. *Reinholdson v. Minn.,* 346 F.3d 847, 849 (8th Cir. 2003) (internal citations and quotations omitted). To be final, an order or judgment must reflect some clear and unequivocal manifestation by the trial court of its belief that the decision made, so far as [the court] is concerned, is the end of the case. *Id.*

Generally, partial summary judgments are not final and not immediately appealable. *See Royal Ins. Co. of Am. v. Kirksville Coll. of Osteopathic Med., Inc.,* 304 F.3d 804, 808 (8th Cir. 2002). However, partial summary judgment is immediately appealable if the district court issues it's ruling under Federal Rule of Civil Procedure 54(b), or certifies it as an interlocutory appeal under 28 U.S.C. § 1292(b). *See Reinholdson*, 346 F.3d at 849. Rule 54(b) states that "when an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or

---

[3]The remaining defendants with claims against them (in their individual capacity) were Charles Conrad, Kevin Weber, Kevin Culton, and Tammy Bordeau.

2

third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Fed. R. Civ. P. 54(b). Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities. *Id.*

In the instant case, on September 17, 2012, this Court granted summary judgment to Defendants Conrad and Weber on the 42 U.S.C. § 1983 claim based on failure to exhaust administrative remedies under 42 U.S.C. § 1997(e)(a). Claims and parties to the suit remain to be adjudicated after the partial summary judgment resulting in the dismissal of Conrad and Weber. The court invoked neither Rule 54(b) nor § 1292(b). Thus, the partial grant of summary judgment is not final and not immediately appealable. Plaintiff's Motion for Leave to File Interlocutory Appeal is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File Interlocutory Appeal [ECF No. 85] is **DENIED**.

Dated this   10th    day of October, 2012.

_E. Richard Webber_
SENIOR UNITED STATES DISTRICT JUDGE

3