UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| Justin Edward Witte, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:11CV02036 ERW |
| Kevin Culton, et al., | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Justin Edward Witte's Motion for Leave of Court to Amend Prisoner's Civil Rights Complaint Under 42 U.S.C. § 1983 [ECF No. 87].

**I.   BACKGROUND**

Plaintiff, an inmate at the Crossroads Correctional Center, filed a complaint on November 21, 2011 [ECF No. 1] seeking relief for the violation of his constitutional rights under 42 U.S.C. § 1983. Plaintiff's allegations arise out his incarceration at the Potosi Correctional Center. On December 30, 2011, Plaintiff filed a Motion for Leave to Amend Complaint [ECF No. 10], along with various documents [ECF Nos. 11 and 14]. The Court denied the motion to amend, because it was unnecessary at that time, and liberally construed Plaintiff's additional filings as supplements to the original complaint.[1] On February 23, 2012, the Court dismissed several claims and defendants [ECF No. 16], pursuant to 28 U.S.C. § 1915(e)(2)(B).[2] Plaintiff's claims

---

[1] Because a responsive pleading had not been filed yet in this case, Plaintiff was not required to obtain leave of court prior to filing an amended complaint for the first time. *See* Fed. R. Civ. P. 15. As such, the Court denied his motion to amend [ECF No. 10] as moot.

[2] Eighth Amendment claims against Defendants Kevin Culton, Karla House, Unknown Conrad, Kevin Weber, Dr. William McKinney, and Unknown Lee survived frivolity review.

against Defendant Lisa Spain, for the denial of skin ointment and copies of medical records, did not rise to the level of a constitutional violation and were dismissed. All claims against Dr. William McKinney, with the exception of an Eighth Amendment claim of deliberate indifference to Plaintiff's requests for a lower walk lay-in, were dismissed.

Plaintiff filed a Second Amended Complaint on July 5, 2012 [ECF No. 52]. In the Second Amended Complaint, Plaintiff does not include Dr. William McKinney's alleged refusal of a lower walk lay-in, nor does he mention the Eighth Amendment allegation against Jason Lee (formerly Unknown Lee) or any specific claim against Lisa Spain. In Plaintiff's conclusion paragraph, he prays that the Court "will accept this Amended Motion and incorporates this with the original petition filed to this case" [ECF No. 52, at 15]. Eight days later, on July 13, 2012, the Court, in an Order of Partial Dismissal [ECF No. 57], dismissed all claims against Dr. William McKinney, Jason Lee, and Lisa Spain pursuant to a second frivolity review under 28 U.S.C. § 1915(e)(2)(B).[3] Furthermore, on July 24, 2012 [ECF No. 66], the Court denied Plaintiff's request to incorporate the Second Amended Complaint with the original, stating that Plaintiff's Second Amended Complaint superceded all previously filed complaints and was the only one at issue in this proceeding.

Under the Case Management Order (scheduling order), issued on May 15, 2012 [ECF No. 39], all motions for the amendment of pleadings were to be filed no later than July 16, 2012. Three days before this deadline, the Court dismissed Defendants Dr. William McKinney, Jason Lee, and Lisa Spain. On September 10, 2012, Plaintiff filed a Motion to Incorporate Amended

---

[3]Eighth Amendment claims against Defendants Kevin Culton, Tammy Bordeau, Charles Conrad, and Kevin Weber in their individual capacities survived frivolity review of the Second Amended Complaint. Claims against Unknown Clubb, Willy Forbes, and Defendants in their official capacities were also dismissed at this time. Karla House was not listed as a defendant.

Complaint with the Original Complaint [ECF No. 78], which the Court denied [ECF No. 80]. On October 9, 2012, Plaintiff filed the instant Motion for Leave of Court to Amend Prisoner's Civil Rights Complaint Under 42 U.S.C. § 1983 [hereinafter, Motion to Amend] [ECF No. 87].

## II. DISCUSSION

Rule 15(a) of the Federal Rules of Civil Procedure governs motions for leave to amend pleadings and generally supports the liberal granting of such motions "when justice so requires." Under the liberal amendment policy of Rule 15(a), a district court's denial of leave to amend pleadings is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving partly, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated. *Roberson v. Hayti Police Dept.*, 241 F.3d 992, 995 (8th Cir. 2001) (internal citations omitted). Delay alone is not a reason in and of itself to deny leave to amend; the delay must have resulted in unfair prejudice to the party opposing amendment. *Sanders v. Clemco Indus.*, 823 F.2d 214, 217 (8th Cir. 1987) (internal citations omitted).

Rule 16(b) of the Federal Rules of Civil Procedure, however, provides that scheduling orders limit the time for amending pleadings and that a schedule established by such an order "shall not be modified except upon a showing of good cause." *Schenk v. Chavis*, 259 F.App'x 905, 907 (8th Cir. 2008). "The primary measure of Rule 16's good cause standard is the movant's diligence in attempting to meet the case management order's requirements." *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001) (citations and internal quotation marks omitted). *Also see* Fed. R. Civ. P. 16(b), advisory committee note (1983 Amendment) ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension.").

Here, Plaintiff made several attempts to amend his original complaint. The first

3

amendment [See ECF No. 10, as well as other documents filed as ECF Nos. 11 and 14], was more along the lines of an interlineation, as it attempted to add to the more detailed original complaint [ECF No. 1]. In consideration of the Plaintiff's pro-se status, the Court broadly construed the amended complaint and other documents as supplements to the original complaint in conducting its comprehensive frivolity review under 28 U.S.C. § 1915(e)(2)(B).

Plaintiff later filed a Second Amended Complaint, which set out in a detailed manner, the claims against defendants, but omitted allegations contained in the original complaint against Jason Lee and Lisa Spain, as well as the deliberate indifference claim against Dr. William McKinney. Although Plaintiff prayed for the current complaint to be incorporated with the original complaint, it would be more difficult to construe the Second Amended Complaint as a mere supplement, or attempt at interlineation, as it is nearly as extensive as the original complaint. The Court denied incorporation and dismissed the omitted defendants pursuant to frivolity review, as the filing of the Second Amended Complaint completely replaced the original complaint, and claims that were not re-alleged were deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) (internal citations omitted).

Although Plaintiff filed his Motion to Incorporate on September 10, 2012, and the instant Motion to Amend on October 9, 2012, both filings fell after the scheduling order deadline on July 16, 2012. The focus of these Motions is on re-alleging the claims against Dr. William McKinney, Jason Lee, and Lisa Spain that were omitted in the Second Amended Complaint and dismissed. As the filings were untimely, Rule 16(b) is applicable and requires a showing of good cause to amend the pleadings. The first step is to assess whether the Plaintiff was diligent in meeting the scheduling order requirements. Even if it is arguable that dismissal of the three defendants on July 13, 2012, constituted sufficient notice to Plaintiff that the Second Amended

4

Complaint was not incorporated with the original, resulting in abandoned claims, Plaintiff would still have only had three days to file a motion to amend in compliance with the deadline. Furthermore, actual notice to Plaintiff occurred upon the July 24, 2012 denial of incorporation by this Court, also beyond the scheduling order deadline, making even a diligent effort to amend by Plaintiff untimely.

In support of his Motion to Amend, Plaintiff argues that he did not personally type up his amended complaint, which left out pertinent pages, and consequently, the error was not his fault. Again, Rule 16(b) requires due diligence in meeting the scheduling deadlines, and this would seem to require a proper review by Plaintiff of the amended complaint he submits to the Court for its completeness, including the omission of any claims. However, as the Plaintiff is proceeding pro se, his intent to abandon (his omitted) claims is less easily construed. A pro se party may not fully understand the superseding effect of the second pleading, even when it is allowed, much less when it is disallowed. *Austin v. Ford Models, Inc.*, 149 F.3d 148, 155 (2nd Cir. 1998), *abrogated on other grounds by Swierkiewicz v. Sorema N. A.*, 534 U.S. 506 (2002). A pro se plaintiff who brings a civil rights action should be freely afforded an opportunity to amend his complaint. *Id.* (internal citations omitted). Therefore, Plaintiff should be allowed to re-allege claims omitted from the Second Amended Complaint once he had been informed that the effect of that pleading was to abandon those claims. Here, based on the timing of the denials of incorporation and the Plaintiff's pro se status, it is arguable that the Plaintiff could not reasonably have met the deadline and good cause for modification exists under Rule 16(b).

The Court will allow Plaintiff leave to amend his complaint in order to re-allege certain claims deemed abandoned in his Second Amended Complaint. However, claims against Lisa Spain must not be reasserted as these claims were dismissed after the first frivolity review of the

original complaint, and therefore would not have been viable even if incorporation had been permitted.  Likewise, all claims against Dr. William McKinney, with the exception of his alleged refusal of a lower walk lay-in, were also dismissed after both the first and second frivolity reviews.  Therefore, this Court would deem it malicious under 28 U.S.C. § 1915 to re-allege those allegations against Lisa Spain and Dr. Wiliam McKinney (with the exception of the deliberate indifference claim relating to the lower walk lay-in).  Plaintiff may only assert claims in his amended complaint against Kevin Culton, Tammy Bordeau, and Jason Lee in their individual capacities, as well as the deliberate indifference claim against Dr. William McKinney.

Plaintiff shall have thirty (30) days from the date of this Order to file an amended complaint.  Plaintiff is warned that the filing of an amended complaint completely replaces the Second Amended Complaint, and claims that are not re-alleged are deemed abandoned.  If Plaintiff fails to file an amended complaint within thirty (30) days, the Court will dismiss this action without prejudice.  After the filing of plaintiff's amended complaint, the Court will review the amended complaint pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness, and failure to state a claim.  Any claim of Plaintiff must survive § 1915 review in order for plaintiff to proceed on those claims in this lawsuit.  Furthermore, Plaintiff shall not be allowed to submit any claims in his amended complaint that are not specifically allowed in this order, or which survived earlier frivolity review.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave of Court to Amend Prisoner's Civil Rights Complaint Under 42 U.S.C. § 1983 [ECF No. 87] is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff shall file an amended complaint, in accordance with the instructions set forth above, ***no later than thirty (30) days from the date of***

*this Order.*

**IT IS FURTHER ORDERED** that if Plaintiff fails to timely file an amended complaint or fails to comply with the instructions set forth above relating to the filing of the amended complaint, the Court shall dismiss this action without prejudice.

**IT IS FURTHER ORDERED** that upon the filing of the amended complaint, it will be subject to review under 28 U.S.C. § 1915.

Dated this ___24th___ day of October, 2012.

                                          E. RICHARD WEBBER
                                          SENIOR UNITED STATES DISTRICT JUDGE