UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JUSTIN EDWARD WITTE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:11CV02036 ERW |
| | ) | |
| KEVIN CULTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Jason Lee's Motion for Summary Judgment under 42 U.S.C. § 1997e(a) for failure to exhaust administrative remedies [ECF No. 102].

**I.     BACKGROUND**

Plaintiff, an inmate at the Crossroads Correctional Center, seeks monetary relief in this action for the violation of his constitutional rights under 42 U.S.C. § 1983. Plaintiff's allegations arise from his incarceration at the Potosi Correctional Center ("PCC"). Plaintiff filed a Third Amended Complaint on November 8, 2012. Named as a Defendant is Jason Lee ("Defendant Lee"), a correctional officer at the PCC. Plaintiff claims that Defendant Lee, in his individual capacity, violated Plaintiff's constitutional rights under the Eighth Amendment.

In his Third Amended Complaint, Plaintiff alleges that he was assaulted and injured, requiring back surgery, leaving him with permanent nerve damage and unable to use the stairs or lift anything over ten pounds [ECF No. 97, ¶¶ 74, 82, 84]. Plaintiff claims that due to his surgery, he had a "lay-in for no lifting over ten pounds." *Id.* at ¶ 87. It is undisputed that on September 19, 2011, Defendant Lee escorted Plaintiff from his cell to an upper walk cell [ECF

Nos. 97, 101, ¶ 87]. Plaintiff further alleges that although he told Defendant Lee that he was not supposed to lift anything over ten pounds or climb stairs, he had to carry at least 30 pounds of his personal property while handcuffed [ECF No. 97, ¶¶ 87-88]. Although the parties agree that, during this incident, Defendant Lee attempted to check Plaintiff's lay-in status, Defendant Lee maintains that he was unable to confirm that Plaintiff had a lay-in for the lower walk cell [ECF Nos. 97, 101, ¶ 89]. Plaintiff claims that Defendant Lee told him that he had to go up the stairs or Defendant Lee would drag Plaintiff up them [ECF No. 97, ¶ 89]. Plaintiff also alleges that Defendant Lee refused to help Plaintiff carry his belongings, giving him the option of dropping and abandoning the property. *Id.* Plaintiff argues that Defendant Lee's actions constituted deliberate indifference to his medical needs, and caused Plaintiff to pinch a nerve while ascending the stairs, resulting in lingering numbness in his leg and toes. *Id.* at ¶¶ 91-92. Plaintiff states that he filed an Informal Resolution Request ("IRR") on the day of the incident, September 19, 2011, against Defendant Lee for "threats and injury" [ECF No. 97-1].

On November 21, 2011, Plaintiff filed this lawsuit. Defendant Lee first filed a motion for summary judgment on June 4, 2012 [ECF No. 42]. Prior to the Court ruling on the motion, Plaintiff filed his Second Amended Complaint, but failed to name Jason Lee as a defendant [ECF No. 52]. The Court denied Defendant's motion for summary judgment as moot, and not on the merits of the motion [ECF No. 56]. Plaintiff then filed a Third Amended Complaint renaming Jason Lee [ECF No. 97]. On December 14, 2012, Defendant Lee renewed his Motion for Summary Judgment under 42 U.S.C. § 1997e(a), alleging Plaintiff had not exhausted his administrative remedies prior to filing suit.

## II. LEGAL STANDARD

The Prison Litigation Reform Act ("PLRA") requires that prisoners seeking relief in federal court must first exhaust the administrative remedies available at the prison level. 42 U.S.C. § 1997e(a). If exhaustion of administrative remedies is not completed at the time the lawsuit is filed, dismissal of the action is mandatory under the PLRA. *Johnson v. Jones,* 340 F.3d 624, 627–28 (8th Cir. 2003). The PLRA's administrative exhaustion requirement is an affirmative defense that defendant has the burden to plead and prove. *Nerness v. Johnson,* 401 F.3d 874, 876 (8th Cir. 2005). Where a motion for summary judgment is founded on an affirmative defense, the moving party has the burden to present facts establishing that defense. *See Ballard v. Rubin,* 284 F.3d 957, 964 n.6 (8th Cir. 2002). The standards governing a motion for summary judgment are well settled. Rule 56 of the Federal Rules of Civil Procedure permits a district court to grant summary judgment with respect to an affirmative defense if the defendant shows that there is no genuine dispute as to any material fact and the defendant is entitled to judgment as a matter of law. A district court has discretion to determine when an issue is ripe for summary judgment. *Burton v. Hoskins,* No. 1:10-CV-00165-SNJ, 2011 WL 1885347, at * 2 (E.D. Mo. May 18, 2011) (citing *Pony Computer, Inc. v. Equus Computer Sys. of Mo., Inc.,* 162 F.3d 991, 996 (8th Cir. 1998)). "Discovery does not need to be complete before a case is dismissed on summary judgment." *Id.* (citing *Dulany v. Carnahan,* 132 F.3d 1234, 1238 (8th Cir. 1997)).

## III. DISCUSSION

Defendant Lee argues that summary judgement is warranted as Plaintiff failed to exhaust his administrative remedies. Under the PLRA, a prisoner may not bring a § 1983 action unless he has exhausted all available administrative remedies. 42 U.S.C. § 1997e(a). Exhaustion under

3

the PLRA is defined by the prison's grievance procedures. *Jones v. Bock,* 549 U.S. 199, 217-218, 127 S.Ct. 910, 922–23 (2007). Exhaustion under the PLRA means proper exhaustion, which is compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90, 126 S.Ct. 2378, 165 L.Ed. 2d 368 (2006). For a Missouri prisoner to exhaust all administrative remedies, he must file: (i) an informal resolution request ("IRR"); (ii) a grievance; and (iii) a grievance appeal. *See* Missouri Department of Corrections - Department Manual ("Department Manual"), D5–3.2, § III (K)-(M) (Jan. 2, 2009) [ ECF No. 103-3, Exhibit B]. *See Foulk v. Charrier,* 262 F.3d 687, 694 (8th Cir. 2001); *Dashley v. Corr. Med. Serv.,* 345 F. Supp. 2d 1018, 1022–23 (E.D. Mo. 2004). The IRR is "[t]he first attempt to resolve an offender's complaint through discussion between the offender and the appropriate staff with documentation of this attempt," and should be filed with *15 calendar days* of the alleged incident. Department Manual, pp. 2, 8 (emphasis added). If an inmate is not satisfied with the IRR response, he may then file an Offender Grievance within seven calendar days after receiving the response on the IRR. *Id.* at 13. If an inmate is not satisfied with the grievance response, he may file an offender grievance appeal within seven calendar days of the grievance response. *Id.* at 15. Failure to do so will result in the appeal being abandoned. *Id.* After receiving the appeal response, the offender has exhausted the grievance process. *Id.* at 16.

Defendant Lee argues summary judgment is appropriate as Plaintiff failed to properly exhaust his claim against Defendant Lee when he did not file a timely IRR regarding the alleged mistreatment on September 19, 2011. In his Statement of Uncontroverted Material Facts, Defendant Lee states that "[p]laintiff failed to timely file IRR's, grievances and grievance appeals for the allegations he raises in his Complaint against Defendant Lee[,]" and that "[p]laintiff's claims against Defendant Lee have not been properly exhausted." ECF No. 103-1, ¶¶ 7-8. These

4

statements are supported by the affidavit of a PCC grievance officer, Robert Savage, who avers that, upon review of the computerized files within the Offender Grievance System of offender Justin Witte, the allegations against Jason Lee "have not been properly exhausted through the grievance process" [ECF No. 103-2,¶¶ 4, 12].[1] Furthermore, as noted in his Reply in Support of his Motion for Summary Judgment [ECF No. 111], Defendant Lee also offers the affidavit of Paul Johnson, a caseworker employed at PCC, who searched the database for IRRs filed on behalf of Plaintiff [ECF No. 111-1, ¶¶ 2, 5]. In a sworn statement, affiant Johnson states that Plaintiff "did not file any IRR's in September 2011." *Id.* at ¶ 7.

Plaintiff, although failing to address Defendant Lee's Statement of Uncontroverted Material Facts, in compliance with Local Rule 7-4.01(E), asserts in his Response to Memorandum in Support of Defendant's Motion for Summary Judgment, that he exhausted his administrative remedies "after he filed an IRR the very same day as the incident" [ECF No. 109]. Plaintiff states that Thomas Collins, PCC's caseworker, received his IRR the next morning in the mail. *Id.* Plaintiff then cites to *Miller v. Norris*, 247 F.3d 736, 738 (8th Cir. 2001), for the proposition that when a prisoner is prevented from utilizing an administrative remedy, it is not *available* under the PLRA. *Id.* (emphasis added).[2] Plaintiff appears to argue that PCC's staff's alleged refusal to answer or file his grievances has prevented Plaintiff from utilizing

---

[1] In the same Affidavit, affiant Savage states that Plaintiff did not file a timely IRR against Officer Lee concerning the events of September 11, 2011 [ECF No. 103-2, ¶ 12]. The Court notes that Plaintiff identified *September 19, 2011*, not *September 11, 2011*, as the date of the alleged incident giving rise to the allegations, and that this date was undisputed by Defendant Lee. As such, affiant appears to have referenced September 11 in error.

[2] "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are *available* are exhausted." 42 U.S.C. § 1997e (emphasis added).

5

administrative remedies, making them unavailable [ECF No. 110]. Specifically, Plaintiff states that caseworker Collins did not reply to his September 19, 2011 IRR allegedy filed against Defendant Lee [ECF No. 109]. In Plaintiff's Sur-Reply, he further asserts that caseworker Collins has had multiple strokes and sick leaves, which resulted in him losing or abandoning Plaintiff's paperwork [ECF No. 112].

The Court, as a threshold issue, will consider Defendant Lee's argument that Plaintiff's failure to follow local rules, and specifically contravert Defendant's Statement of Uncontroverted Material Facts, results in those statements being deemed admitted [ECF No. 111]. In compliance with E.D. Mo. 7 - 4.01(E), Defendant Lee filed a Statement of Uncontroverted Material Facts [ECF No. 103-2] in support of his Motion for Summary Judgment. Plaintiff does not make reference to the facts set forth by Defendant Lee in his Statement of Uncontroverted Material Facts, nor does he note the paragraph number from Defendant's listing, as required by this Court's Local Rules. Because Plaintiff fails to controvert the matters set forth by Defendant Lee, the assertions are deemed admitted.[3] *See Jones v. United Parcel Serv., Inc.* 461 F.3d 982, 991 (8th Cir. 2006) (concluding that the district court did not abuse its discretion in deeming defendants' statements admitted, as plaintiffs' statement of controverted facts and response to defendants' uncontroverted facts violated local rules). As Defendant Lee set forth that Plaintiff "failed to timely file IRR's, grievances and grievance appeals for the allegations . . . against Defendant Lee[,]" and Plaintiff's "claims against Defendant Lee have not been properly exhausted" [ECF No. 103-1, ¶¶ 7-8], deeming these statements admitted would warrant summary judgment for failure to exhaust administrative remedies.

---

[3]All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party. E.D. Mo. 7 - 4.01(E).

Even if the uncontroverted facts of Defendant Lee were not deemed admitted, this Court would still find the absence of a genuine issue of material fact as to whether plaintiff exhausted the administrative grievance process as required under the PLRA. Defendant Lee offers sworn affidavits attesting that Plaintiff did not file IRRs in September, 2011 as alleged, nor did Plaintiff exhaust the grievance process. In response to these affidavits, Plaintiff simply re-iterates that he filed an IRR on the day of the incident, September 19, 2011. However, this is insufficient as Plaintiff does not offer any evidence beyond his unsworn assertions. *See Conolly v. Clark*, 457 F.3d 872, 876 (8th Cir. 2006) (internal citation omitted) (" [A] properly supported motion for summary judgment is not defeated by self-serving affidavits."); *Davidson & Assocs. v. Jung,* 422 F.3d 630, 638 (8th Cir. 2005) ("A plaintiff may not merely point to unsupported self-serving allegations, but must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor."). Further, the Court notes that even if Plaintiff filed a timely IRR, Plaintiff does not allege that he filed a timely *grievance*, or *grievance appeal*, which are part of the grievance process as outlined in the Department Manual, and must also be exhausted.

Plaintiff argues that he was excused from the exhaustion required under the PLRA , as he was prevented from exhausting his administrative remedies when his caseworker, Thomas Collins, did not file or respond to his IRR against Defendant Lee. Defendant Lee contends that Plaintiff does not offer any evidence creating a genuine issue of material fact as to whether he was prevented from exhausting his remedies. Within the Eighth Circuit, inmates are only excused from complying with an institution's grievance procedures when (1) prison officials have prevented them from utilizing prison grievance procedures; or (2) when officials themselves have failed to comply with the procedures. *Wewerka v. Roper*, No. 4:09CV1973CDP, 2010 WL

4628093, at * 5 (E.D. Mo. Nov. 8, 2010) (citing *Gibson v. Weber,* 431 F.3d 339, 341 (8th Cir. 2005). "A plaintiff must present some evidence, other than mere conclusory statements to demonstrate that he was precluded from fully exhausting his administrative remedies." *Hahn v. Armstrong,* No. 1:08CV169 LMB, 2010 WL 575748, at * 4 (E.D. Mo. Feb. 11, 2010) (citing *Gibson,* 431 F.3d at 341); *Wewerka*, 2010 WL 4628093 at * 5. Here, Plaintiff argues that his caseworker, due to illness, lost or abandoned paperwork [ECF No. 112]. However, Plaintiff does not support this conclusory assertion with any evidence, and Plaintiff's pleadings before the Court, belie his claims. In his Complaint, Plaintiff asserts that he took *all steps* in the grievance process, and exhausted all his claims. Furthermore, when asked in the Complaint to explain why he hadn't used the grievance system, (if he failed to use it in relation to the issue at hand), he responded "N/A." Thus, in the absence of any supporting probative evidence, and in light of Plaintiff's contradiction to his own Complaint, the Court concludes that Plaintiff has not created a genuine issue of material fact as to whether he was *precluded* from exhausting his administrative remedies. Because no genuine issue of disputed material fact exists regarding whether Plaintiff exhausted before his administrative remedies against Defendant Lee, Plaintiff's claims against Defendant Lee will be dismissed pursuant to 42 U.S.C. § 1997e(a).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Jason Lee's Motion for Summary Judgment is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendant Jason Lee are **DISMISSED** with prejudice pursuant to 42 U.S.C. § 1997e(a).

Dated this   21st   day of February, 2013.

                                                                                            _____
                                                                                            E. RICHARD WEBBER
                                                                                            SENIOR UNITED STATES DISTRICT JUDGE